# D. S. B. JOHNSTON LAND COMPANY v. F. H. MITCHELL, Louise M. Mitchell, Charles M. Scoville, and Olivia Scoville.

(151 N. W. 23.)

**Adverse claims — statutory action to determine — title and possession — complaint in — use and occupation — money judgment for — counterclaim — statute of limitations — motgages barred by — findings and conclusions — questions of fact — new trial.**

    1. In the statutory action to determine adverse claims to real property, the plaintiff alleges that it has an interest in such property and that defendants claim certain estates or interests in or liens upon the same, adverse to plaintiff. The usual prayer for judgment quieting the title is made, and plaintiff also prays for the recovery of the possession of the property from defendants

---

Note.—For a discussion of the general rule that plaintiff in an action to recover real estate must recover, if at all, on the strength of his own title, see note in 18 L.R.A. 781.

with a money judgment for the use and occupation thereof. By their answer defendants put in issue plaintiff's alleged interest in such property, but admit that it has certain equities therein. They also by way of counterclaim allege title in fee and pray that such title be quieted in them as against all claims asserted by plaintiff.

The trial court found in defendants' favor as to the ownership of the land, but denied them any affirmative relief under their counterclaim except upon condition that they first do equity by satisfying or tendering the amount of all claims held by plaintiff against such real property, consisting of two old mortgages long since barred by the statute of limitations and numerous taxes paid by them, aggregating, with interest to November 1, 1912, the sum of $2,543.27.

On a trial *de novo* in the supreme court the findings and conclusions of the trial court are in all things affirmed, except as to one question of fact mentioned in the opinion, regarding which counsel inadvertently failed to furnish any competent proof. A new trial is granted for the purpose of permitting proper proof thereof to be supplied.

**Adverse claims — statutory action — plaintiff must depend on own title — weakness of defendant's title — cannot recover upon.**

2. In the statutory action to determine adverse claims to real property the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's title.

**Title to real estate — mortgage owned by copartners — corporation — succeeding copartnership — title to property — equitable.**

3. Plaintiff's only source of title is through an alleged foreclosure in 1887 of a commission mortgage on the premises upon which there was only a small sum due. Such mortgage was given in 1884 and ran to a copartnership under the firm name of D. S. B. Johnston, Son, & Hance. In 1885 a corporation was organized under the name of D. S. B. Johnston Land Mortgage Company, which purchased and took over the assets of such copartnership, including such mortgage. At the date of such attempted foreclosure proceedings there was nothing of record to show ownership of this mortgage in such corporation. *Held*, following Hebden v. Bina, 17 N. D. 235, that the exercise of the power of sale in said mortgage by such corporation was not authorized under the provisions of § 5412, Comp. Laws of 1887, and consequently the foreclosure was void, and the purchaser at the sale, the D. S. B. Johnston Land Mortgage Company, acquired no title thereunder, but merely became an equitable assignee of such mortgage.

**Mortgagee in possession — purchaser at void foreclosure sale does not become unless in possession with consent of mortgagor — unoccupied prairie land — fee owner deemed in possession.**

4. A purchaser at a void foreclosure sale does not become a mortgagee in possession, unless he acquires the actual possession of the premises through the

express or implied consent of the mortgagor or owner of the land. The premises being at the time unoccupied wild prairie land, the fee owner will be deemed to be in the possession thereof.

**Foreclosure — sheriff's deed under — recitals in — evidence.**

5. A recital in the sheriff's deed under foreclosure proceedings by advertisement, that the D. S. B. Johnston Land Mortgage Company has been renamed D. S. B. Johnston Land Company, is no evidence of the fact of such change in name.

**Plaintiff's alleged title — failure to establish — cannot assail defendants' title.**

6. The plaintiff, having failed to establish its alleged title, or even that it is a mortgagee in possession, is not in a position to assail the validity of defendant's title and right of possession.

**Champerty — statute against — cannot be urged by plaintiff — defendants' title.**

7. For reasons stated in the opinion, the statute against champerty and maintenance cannot be urged by plaintiff to destroy defendants' title.

**Defendants — affirmative equitable relief — claiming — must do equity — mortgage barred by limitation — must pay or offer to pay amount due.**

8. To entitle defendants to affirmative equitable relief they must do equity by paying or tendering to the plaintiff all sums equitably due it, and the fact that plaintiff purchased one of its mortgages upon the land long after it became barred by the statute of limitations does not exonerate defendants from paying such sum as may be due thereon, as a condition to their obtaining affirmative relief.

Opinion filed January 27, 1915.   Rehearing denied February 11, 1915.

Appeal from District Court, Sargent County, *Allen* J.

From a judgment in defendants' favor, plaintiff appeals.

Affirmed.

*Watson & Young* and *E. T. Conmy,* for appellant.

The deed by which defendants claim to be the owners of this property is champertous and void. The deed from Herrington to defendants is void. Grantor was out of possession and had not collected rents or profits for more than one year; plaintiff's possession through his tenants was sufficient to set in motion the statute. Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722; Burke

v. Scharf, 19 N. D. 227, 124 N. W. 79; Cotton v. Horton, 22 N. D. 1, 132 N. W. 225.

Such a deed is void as against one in possession. Brynjolfson v. Danger, 15 N. D. 332, 125 Am. St. Rep. 595, 109 N. W. 320; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357.

The defendants cannot prevail because they have not offered to do equity. They must pay or offer to pay all just claims against the land held by the plaintiff. Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A. (N.S.) 516, 107 N. W. 68; Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 340; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Cotton v. Horton, 22 N. D. 1, 132 N. W. 225; 1 Pom. Eq. Jur. 3d ed. pp. 384–397.

Defendants' claim of title is defeated by clear acts of abandonment of their grantor, and they are estopped to assert their abandoned title. Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318; Bausman v. Faue, 45 Minn. 418, 48 N. W. 13; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Ford v. Ford, 24 S. D. 644, 124 N. W. 1108; 16 Cyc. 718; 11 Am. & Eng. Enc. Law, 394; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Pom. Eq. Jur. 802; Cotton v. Horton, 22 N. D. 1, 132 N. W. 227.

The defendants herein have been guilty of laches in enforcing their claim, and therefore should be debarred from recovery. They should have made their rights known. They cannot be permitted to say that they wilfully concealed their claim. Their silence is explainable consistently with honest conduct on their part, only on the theory that they consented to and acquiesced in the possession of the mortgagee and its successors; under such circumstances the law implies consent. Nash v. Northwest Land Co. 15 N. D. 573, 108 N. W. 792; Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318; Hoyt v. Pawtucket Inst. for Sav. 110 Ill. 390; Goss v. Herman, 20 N. D. 295, 127 N. W. 78; Cornell v. Newkirk, 144 Ill. 241, 33 N. E. 37; Sage v. Winona & St. P. R. Co. 7 C. C. A. 237, 19 U. S. App. 1, 58 Fed. 297; 5 Pom. Eq. Jur. ¶¶ 33, 36.

The plaintiff is at least a mortgagee in possession and has acquired title as such. The affidavit of publication of the notice of foreclosure is sufficient. A substantial compliance is all the law requires. The

rule in tax proceedings is not applicable. McCardia v. Billings, 10 N. D. 381, 88 Am. St. Rep. 729, 87 N. W. 1008; Iowa State Sav. Bank v. Jacobson, 8 S. D. 292, 66 N. W. 453; Cook v. Lockerby, 16 N. D. 21, 111 N. W. 628.

A mortgagor cannot object that he has more notice of the foreclosure of a mortgage than the law requires. Atkinson v. Duffy, 16 Minn. 45, Gil. 30; McCardia v. Billings, 10 N. D. 381, 88 Am. St. Rep. 729, 87 N. W. 1008; Lee v. Clary, 38 Mich. 223.

The defendants, in offering their objections even at this late date, do not claim any loss or prejudice. McCardia v. Billings, 10 N. D. 381, 88 Am. St. Rep. 729, 87 N. W. 1008; Northwestern Mortg. Trust Co. v. Bradley, 9 S. D. 495, 70 N. W. 648; Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Schauble v. Schulz, 69 C. C. A. 581, 137 Fed. 390; Robinson v. Fife, 3 Ohio St. 551; Rogers v. Benton, 39 Minn. 39, 12 Am. St. Rep. 613, 38 N. W. 765; Hubbell v. Sibley, 50 N. Y. 468; Miner v. Beekman, 50 N. Y. 337; Wood, Limitations, § 225; McPherson v. Hayward, 81 Me. 329, 17 Atl. 164; Waldo v. Rice, 14 Wis. 286; Nash v. Northwest Land Co. 15 N. D. 573, 108 N. W. 792; Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338.

The defendants had notice of, or by reasonable care could have ascertained, the claim of plaintiff in the land here involved. They cannot now take a wrong advantage of another upon mere technicalities. Rev. Codes 1905, §§ 6699, 6703; Doran v. Dazey, 5 N. D. 170, 57 Am. St. Rep. 550, 64 N. W. 1023; Fullerton Lumber Co. v. Tinker, 22 S. D. 427, 118 N. W. 702, 18 Ann. Cas. 11; Gress v. Evans, 1 Dak. 387, 46 N. W. 1134; Hunter v. Coe, 12 N. D. 507, 97 N. W. 869.

The defendants at least had implied notice of plaintiff's claim. Cooper v. Flesner, 24 Okla. 47, 23 L.R.A.(N.S.) 1187, 103 Pac. 1016, 20 Ann. Cas. 29; Fullerton Lumber Co. v. Tinker, 22 S. D. 427, 118 N. W. 702, 18 Ann. Cas. 11; Huffman v. Cooley, 28 S. D. 475, 134 N. W. 49; Wisconsin River Land Co. v. Selover, 135 Wis. 594, 16 L.R.A.(N.S.) 1073, 116 N. W. 265; Brynjolfson v. Dagner, 15 N. D. 337, 125 Am. St. Rep. 595, 109 N. W. 320; Baker v. Humphrey, 101 U. S. 494, 25 L. ed. 1065.

Whenever a party dealing as purchaser or encumbrancer of land

is informed or knows or, is in a condition which prevents him from denying that he knows that the land is in the possession of a third person, he is thereby put upon inquiry, and is charged with constructive notice of the facts concerning the occupants' right and title. Daniel v. Hester, 29 S. C. 148, 7 S. E. 65; Veith v. McMurtry, 26 Neb. 341, 42 N. W. 6; Izard v. Kimmel, 26 Neb. 51, 41 N. W. 1068; Riley v. Quigley, 50 Ill. 304, 99 Am. Dec. 516; Fair v. Stevenot, 29 Cal. 486, 11 Mor. Min. Rep. 11; Williamson v. Brown, 15 N. Y. 354; Flagg v. Mann, 2 Sumn. 486, Fed. Cas. No. 4,847; Grimstone v. Carter, 3 Paige, 421, 24 Am. Dec. 230; Thompson v. Pioche, 44 Cal. 516; Farmers' Nat. Bank v. Sperling, 113 Ill. 273; Staton v. Davenport, 95 N. C. 11; Ewing v. Burnet, 11 Pet. 54, 9 L. ed. 630; Hughes v. United States, 4 Wall. 236, 18 L. ed. 304; Brown v. Volkening, 64 N. Y. 82; Pope v. Allen, 90 N. Y. 302; Ranney v. Hardy, 43 Ohio St. 159, 1 N. E. 523 and cases cited; Evans v. Templeton, 69 Tex. 375, 5 Am. St. Rep. 71, 6 S. W. 843; Gress v. Evans, 1 Dak. 388, 46 N. W. 1134; Betts v. Letcher, 1 S. D. 182, 46 N. W. 197.

One cannot plead ignorance of a public record to which he has access, and which affords him all the means of information to enable him to obtain positive knowledge of the facts. Johnson v. Day, 2 N. D. 295, 50 N. W. 702; Com. v. Miles, 14 Ky. L. Rep. 107; Sinclair v. Learned, 51 Mich. 335, 16 N. W. 672.

*Purcell & Divet* and *W. V. Haagland,* for respondents.

Letter press copies of letters are not admissible as original evidence. They can be used only upon proper foundation being first laid. A showing must first be made to the effect that the originals are lost, or that seasonable demand for the production of the originals was made. Wigmore, Ev. § 1234, and collection of cases; Newell v. Clapp, 97 Wis. 104, 72 N. W. 366; State v. Halstead, 73 Iowa, 376, 35 N. W. 457; Seibert v. Ragsdale, 103 Ky. 206, 44 S. W. 653.

The same rule prevails in some jurisdictions as to carbon copies. State v. Teasdale, 120 Mo. App. 692, 97 S. W. 996.

The better rule is that if the carbon copy is produced complete to signing as well as text, so that one operation produced two complete duplicates, each is an original, and may be so used. International Harvester Co. v. Elfstrom, 101 Minn. 263, 12 L.R.A.(N.S.) 343, 118 Am. St. Rep. 626, 112 N. W. 252, 11 Ann. Cas. 107.

A county officer cannot certify as to substantive facts as to acts done in his office. The certificate of an abstractor to show the fact that a given instrument had been filed in the office of the register of deeds is insufficient. Sykes v. Beck, 12 N. D. 242; 96 N. W. 844; Doyle v. Mizner, 42 Mich. 337, 3 N. W. 968.

The supreme court on trial *de novo* can modify the trial court's findings and conclusions, and grant relief to respondents. Wadge v. Kittleson, 12 N. D. 461, 97 N. W. 856; McKenzie v. Gussner, 22 N. D. 445, 37 L.R.A.(N.S.) 918, 134 N. W. 33.

A mere occasional entry and cutting of grass on land is not a sufficient possession by the grantee under a void deed to enforce the claim of the champerty statute. State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; Bull v. Beiseker, 16 N. D. 290, 14 L.R.A.(N.S.) 514, 113 N. W. 870.

Unimproved and unoccupied land is deemed to be in the possession of the holder of the legal title, and not in the holder of title under void judicial proceedings. Herbage v. McKee, 82 Neb. 354, 117 N. W. 706; Butler v. Smith, 84 Neb. 78, 28 L.R.A.(N.S.) 436, 120 N. W. 1106.

The mortgage foreclosure proceedings by advertisement were void because there was no power of sale contained in the mortgage, and plaintiff acquired no rights thereunder. McClory v. Ricks, 11 N. D. 38, 88 N. W. 1042.

Such proceedings were void because they were not prosecuted by the owner of the legal title of record to the mortgage at the time of the sale. Hebden v. Bina, 17 N. D. 235, 138 Am. St. Rep. 700, 116 N. W. 85; Hathorn v. Butler, 73 Minn. 15, 75 N. W. 743; Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318; Finlayson v. Peterson, 5 N. D. 587, 33 L.R.A. 532, 57 Am. St. Rep. 584, 67 N. W. 953.

The notice of sale was insufficient because it was not published forty-two days next preceding the day of sale. More than one full calendar week intervened between the date of the last publication and date of sale. Peaslee v. Ridgway, 82 Minn. 288, 84 N. W. 1024; Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449; Finlayson v. Peterson, 5 N. D. 587, 33 L.R.A. 532, 57 Am. St. Rep. 584, 67 N. W. 953; Miller v. Lefever, 10 Neb. 77, 4 N. W. 929; Lawson v. Gibson, 18 Neb. 137, 24 N. W. 447; Mallory v. Patterson, 63 Neb. 429, 88

N. W. 686; Stevens v. Naylor, 75 Neb. 325, 106 N. W. 446; Mc-Mahan v. American Bldg. & Loan & Tontine Sav. Asso. 75 Miss. 965, 23 So. 431; Stine v. Wilkson, 10 Mo. 76; Washington v. Bassett, 15 R. I. 562, 2 Am. St. Rep. 929, 10 Atl. 625.

The certificate of sale does not convey title, but is only evidence of what transpired at the time of sale, and to show who may some time be entitled to a deed. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Lindgren v. Lindgren, 73 Minn. 90, 75 N. W. 1035.

The plaintiff's negligence in failing to record his evidence of title, and the defendants purchasing the title without any knowledge of the plaintiff's claims, defendants take the property regardless of the claims of the purchaser under the mortgage sale. Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779; Enderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390; Errett v. Wheeler, 109 Minn. 157, 26 L.R.A. (N.S.) 816, 123 N. W. 415; Berryhill v. Smith, 59 Minn. 285, 61 N. W. 144; Lindgren v. Lindgren, 73 Minn. 90, 75 N. W. 1034; Brown v. Union Depot Street R. & Transfer Co. 65 Minn. 508, 68 N. W. 1007; Peterborough Sav. Bank v. Pierce, 54 Neb. 712, 75 N. W. 20; Hare v. Murphy, 60 Neb. 135, 82 N. W. 312; Jones v. Fisher, 88 Neb. 627, 130 N. W. 269; Doran v. Dazey, 5 N. D. 170, 57 Am. St. Rep. 550, 64 N. W. 1023; Huffman v. Cooley, 28 S. D. 475, 134 N. W. 49; McClory v. Ricks, 11 N. D. 38, 88 N. W. 1042.

The plaintiff must recover upon the strength of his own title wholly. Equitable rights can be recovered upon only when properly pleaded. Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068; Travelers' Ins. Co. v. Walker, 77 Minn. 438, 80 N. W. 618; Stump v. Warfield, 104 Md. 530, 118 Am. St. Rep. 434, 65 Atl. 46, 10 Ann. Cas. 249; Pinkham v. Pinkham, 60 Neb. 600, 83 N. W. 837, 61 Neb. 336, 85 N. W. 285; Loney v. Courtnay, 24 Neb. 580, 39 N. W. 616; Rainbolt v. Strang, 39 Neb. 342, 58 N. W. 96; Woodward v. State, 58 Neb. 603, 79 N. W. 164; 1 Enc. Ev. 706.

The defendants' counterclaim was proper, and properly pleaded. The tender, performance, and offer of performance were made in all respects as the law required. Defendants are entitled to the relief prayed for in their counterclaim, even if their legal title fails. Stuart

v. Lowry, 49 Minn. 91, 51 N. W. 662; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068; Stump v. Warfield, 104 Md. 530, 118 Am. St. Rep. 434, 65 Atl. 346, 10 Ann. Cas. 249; Dringman v. Keith, 86 Neb. 476, 125 N. W. 1080.

FISK, Ch. J.   This cause is here for trial *de novo* of the entire case. It is the statutory action to determine adverse claims to real property, and comes here on appeal from the judgment of the district court of Sargent county.

The complaint is in the usual form, alleging that the plaintiff has an interest in the real property therein described; that the defendants claim certain estates or interest in, or liens or encumbrances upon, the same adverse to the plaintiff, the prayer for judgment being:

"1. That the defendants be required to set forth all their adverse claims to the property above described, and that the validity, superiority, and priority thereof be determined.

"2. That the same be adjudged null and void, and that they be decreed to have no estate or interest in, or lien or encumbrance upon, said property.

"3. That the title be quieted as to such claim, and that defendants be forever debarred and enjoined from further asserting the same.

"4. That it recover possession of the premises described.

"5. That it recover five hundred dollars ($500) as the value of the use and occupation and the value of property wasted and removed therefrom.

"6. That plaintiff have such other general relief as may be just, with its costs and disbursements."

The answer consists of a general denial with the exception that it admits that the defendants, Olivia Scoville and Louise M. Mitchell, claim an estate or interest in the lands described adverse to the plaintiffs. Such answer then contains ¶¶ 3 and 4 as follows:

"Further answering, the defendants deny that the plaintiff has any estate or interest in the said lands, but in that behalf they admit that the said plaintiff has in equity a lien or encumbrance upon the same in that, on the 15th day of July, 1884, one Frank Harrington, the then owner of said lands, did make, execute, and deliver a mortgage thereon in the sum of fifty-two and fifty-one hundredths dollars

$52.50), which mortgage was, on July 22d, 1884, filed for record, and recorded in Book G, page 133, of the mortgage records of Sargent county, North Dakota, which mortgage is now in equity owned by the plaintiff; the exact amount due thereon at this time is unknown to defendants, they having no means of knowledge of the rate of interest borne by the indebtedness secured by said mortgage, or of the payments, if any, that have been made thereon; and the defendants hereby tender to the plaintiff, and offer to pay into court for its benefit, the amount now due upon said mortgage.

## "IV.

"Further answering, the defendants allege that the defendants Olivia Scoville and Louise M. Mitchell are the owners in fee simple of the lands described in the complaint, and the origin, nature, and extent of their title is as follows, to wit: On the 30th day of July, 1888, one Frank Harrington became, by patent from the United States, vested with the title thereto, and on the 6th day of June, 1901, the said Frank Harrington did, by warranty deed, duly made, executed, and delivered, convey the said lands to the said defendants, which deed was, on the 18th day of June, 1901, duly filed for record, and recorded in the office of the register of deeds of Sargent county, North Dakota, in Book V., on page 592.

"Further answering, and by way of counterclaim, the defendants allege that the defendants Olivia Scoville and Louise M. Mitchell are the owners of the lands described in the complaint, deraigning their title thereto from one Frank Harrington by deed of date June 6th, 1901, he, the said Harrington, having acquired the title thereto by patent from the government of the United States on October 30th, 1888.

"That under the deed aforesaid from the said Harrington, the said defendants went into the actual and adverse possession of the said lands, in good faith believing they were the owners thereof, and permanently improved the same by building a permanent and substantial fence thereon, the value of which improvement was and is the sum of two hundred dollars ($200). That the value of the said land, exclusive of the said improvements, is thirty-two hundred dollars ($3,200).

"Wherefore, the defendants pray that the plaintiff take nothing by this action, but that the defendants Olivia Scoville and Louise M. Mitchell be adjudged to be the owners in fee simple of the lands described; and that their title thereto, and all of the pretended claims of the plaintiff, except their mortgage right therein, as set forth in this answer, be adjudged null and void, and that the court determine the amount due upon said mortgage, and upon the payment of such amount into court for the benefit of the plaintiff, that it be decreed that they have no right or interest of any kind in and to the said lands, and in case it be determined that the said defendants have no right in and to the said lands superior to the rights asserted by the plaintiff, then that they recover of the plaintiff two hundred dollars ($200), the value of the permanent improvements aforesaid, and that the judgment therefor be declared a lien upon the said land; and that the defendants have any other and further relief that may be equitable, together with their costs and disbursements.

A reply to the counterclaim contained in the answer was served as follows:

## "I.

"Denies each and every allegation therein contained.

## "II.

"Further replying, plaintiff alleges that at the time that certain deed, dated June 6, 1911, in which Frank Harrington was grantor and the defendants herein, Louise M. Mitchell and Olivia Scoville, were grantees, was given, the said Frank Harrington was not in possession of, nor had he for more than twenty years last past been in possession of, the premises described in the plaintiff's complaint, and to which this action pertains, and therefore the said deed is void and of no effect, and conveys no title to these defendants, and they are barred, estopped, and enjoined from asserting any title, or claim of title, to the premises in question by reason of said above-mentioned deed.

## "III.

Further replying, plaintiff alleges that at the time that certain deed, dated June 6, 1911, and in which Frank Harrington was grantor and the defendants Louise M. Mitchell and Olivia Scoville were grantees, was given, the said Frank Harrington was not in possession of said lands, nor did he collect any rents for the use of said land for the period of one year prior to the giving of said deed, and therefore the said deed is void and of no effect, and conveyed no right, title, or interest in said property to said above-mentioned defendants.

"Wherefore, plaintiff prays judgment against the defendants according to the prayer of the plaintiff's original complaint."

At the conclusion of the testimony the trial court made findings of fact and conclusions of law favorable to the defendants in so far as the plaintiff's cause of action is concerned, finding, among other things, that plaintiff has no estate or interest of any kind or character in such real property, but that the defendants Olivia Scoville and Louise M. Mitchell are the owners thereof by virtue of a warranty deed executed and delivered to them on June 6, 1901, by one Frank Harrington, who held a patent from the government of the United States to such lands, and that defendants went into actual possession of the land under such deed, and are now in the actual and exclusive possession thereof.

The court also finds that the said Frank Harrington on July 15, 1884, executed two mortgages upon such land, one to John W. Avery, to secure the payment of the sum of $350, and one to D. S. B. Johnston, Charles L. Johnston, and Horace Hance, copartners as D. S. B. Johnston, Son, & Hance, to secure the payment of $52.50, which latter mortgage was a commission mortgage and subject to the Avery mortgage, and that no portion of the indebtedness secured by such mortgages has been paid except certain payments upon the commission mortgage, and that the latter mortgage was assigned to the plaintiff some time prior to the attempted foreclosure thereof in 1887, and the Avery mortgage was assigned to plaintiff on February 8, 1902. The court further finds that in February, 1887, plaintiff caused proceedings to be instituted for the foreclosure by advertisement of such commission mortgage, causing notice of such foreclosure to be

published in a weekly newspaper for six successive weeks, the first publication being on March 12, 1887, and the last on April 23, 1887, and that on May 2, 1887, pursuant to such published notice, the premises were sold by the sheriff of Sargent county to D. S. B. Johnston Land Mortgage Company for the sum of $90.30, claimed to be due at that time, with costs and expenses of sale; that neither the notice of foreclosure sale, affidavit of publication of notice, sheriff's affidavit of sale, or sheriff's certificate of sale, or any other papers relating to such foreclosure, were filed for record in the office of the register of deeds of Sargent county until March 21, 1902, long after the purchase of the premises by the defendants, and that at the time of such purchase there was nothing of record in the office of the register of deeds disclosing that such foreclosure had ever been made, and that the defendants bought such real property in good faith and for value, and without any notice of such foreclosure proceedings; that a duplicate certificate of sale on such foreclosure was filed by the sheriff in the office of the register of deeds pursuant to § 5420, Compiled Laws 1887.

That on April 7, 1902, the sheriff of Sargent county executed and delivered to the D. S. B. Johnston Land Mortgage Company, a sheriff's deed upon such foreclosure, which deed recites that the said company is now named D. S. B. Johnston Land Company. Such deed was recorded in the office of the register of deeds of Sargent county on the same day of its issuance, and the court finds that the plaintiff at that time well knew of the rights and claims of the defendants in and to such land.

The court also finds that on February 8, 1902, at the time the plaintiff purchased the Avery mortgage, it paid the sum of $644.99 therefor, and that there was due thereon an amount in excess of this sum, and that at the time of the attempted foreclosure of the commission mortgage there was due thereon the sum of $43.20. The court further finds that Avery, under his mortgage, paid taxes on the premises from 1885 to 1901, aggregating $458.02, which amount with interest plaintiff paid to the said Avery in addition to the amount paid for an assignment of the mortgage; also that the plaintiff during the years from 1897 to 1909 paid taxes thereon aggregating the sum of $231.75; that the total amount of the plaintiff's claims under the

two mortgages held by it, and including the taxes thus paid with interest thereon, amounted, on November 1, 1912, to the sum of $2,603.-27.

As conclusions of law the court found that the plaintiff's action should be dismissed, and that the defendants' counterclaim, asking that their title be quieted in them as against the plaintiff, and for a cancelation of such mortgages as clouds or apparent liens upon their title, should be dismissed unless the defendants, within ninety days from the entry of the decree, shall pay to the plaintiff, or into court for it, the sum of $2,603.27 with interest thereon at the rate of 7 per cent per annum from November 1, 1912, deducting therefrom the sum of $60 found to be the amount received by plaintiff for hay leases on the lands in the years 1905, 1906, and 1908, and in case such amount is paid or tendered within the time aforesaid, defendants' title shall be quieted against all claims of the plaintiff. Judgment was entered in the court below pursuant to such findings and conclusions, and we are asked on this appeal to retry the entire case *de novo*.

The record is very voluminous, and it is manifestly impossible in disposing of the questions of fact to do more than state our ultimate conclusions, which we have reached after a consideration of the testimony adduced.

Appellant's counsel challenge the correctness of numerous findings of fact, but the correctness of such findings is dependent largely upon the soundness of certain legal propositions advanced by counsel, and we will notice such findings in connection with the propositions thus advanced. We will here quote from appellant's brief what its counsel claim to be the ultimate facts established by the evidence, and upon which they rely for a reversal of the judgment.

"The evidence shows that plaintiff is the owner in fee simple of the land involved in this action, its legal title coming from the valid foreclosure of a mortgage. Although no sheriff's certificate or deed was placed on record at the time of this foreclosure sale, still the requirements of the law governing foreclosures of mortgages in effect at that time were completely complied with, in that the sheriff filed with the register of deeds his certificate of sale. This, pursuant to § 5420 of the Compiled Laws of 1887, was a complete and full compliance with the laws dealing with notice in cases of this kind, and

was sufficient to put defendants on inquiry, and to give them notice of plaintiff's claim to the land. Further, the plaintiff, for a period of some twenty-three years, paid all the taxes assessed against this land, and during all of said time looked after it and leased it whenever possible. Defendants' grantor herein, Harrington, abandoned this land and failed to pay taxes on it for a period of some sixteen years, and thereafter, in the year of 1901, these defendants, having received a deed to the premises from the aforementioned Harrington, failed and neglected to pay any taxes assessed against said land, but during all of said time, and until the commencement of this suit, permitted the plaintiff to pay said taxes and exercise unrestrained dominion over the land. The facts as shown by the record clearly established that these defendants are not purchasers in good faith and without notice, but on the contrary they had knowledge of facts which should have put them on their guard, and which, if followed up, would have given them notice of plaintiff's interest in the land.

"Further, the testimony shows that the deed under which defendants claim ownership of the property involved in this litigation is champertous and void, it being given by one Harrington while he was out of possession of the land, and had been out of possession for some sixteen years, and had not collected or taken the rents or profits of the land for a year prior to the giving of the deed, or as a matter of fact for a great many years prior to the giving of a deed, and the plaintiff corporation had such possession of the premises as was sufficient to put the champerty statute in motion.

"The testimony also shows that these defendants have not offered to do equity; in their answer they ask that the title to this land be quieted in them, but do not offer to repay this plaintiff for the amount of money it has expended in paying taxes on this land for a period of some twenty-three years, and do not offer to repay plaintiff for the amount due it on the first mortgage against this property, which was purchased by this plaintiff. The facts relative to the payment of the taxes and the purchase of the mortgage are record facts, and could have been ascertained by these defendants."

The propositions of law urged by appellant's counsel are, of course, predicated upon the assumption that the ultimate facts are as they

assert them to be.   These propositions are set forth in appellant's brief as follows:

"1. The deed by which defendants claim to be the owners of this property is champertous and void.

"2. The defendants here cannot prevail because they have not offered to do equity.

"3. Defendants' claim of title is defeated by clear acts of abandonment of their grantor.

"4. The defendants herein have been guilty of laches in enforcing their claims, and therefore should be debarred from recovery.

"5. The plaintiff herein is at least a mortgagee in possession and has acquired title as such.

"6. The defendants herein had notice of, or with the exercise of reasonable care could have ascertained, the claims and interest of this plaintiff in the land involved in this action."

We think appellant's alleged interest in the property should logically be considered before considering the above points raised by it, for if plaintiff is without title or right to the property, it, of course, has no standing in court to question defendants' title or right to possession.   In its complaint appellant alleges that it has an interest in such property, but the nature thereof is not set forth.   It prays judgment against defendants, "that it recover possession of the premises described."   Also, "that it recover $500 as the value of the use and occupation," etc.   It thus concedes that defendants were in possession of the premises for some time prior to the bringing of its action.

As we understand appellant's contention on this appeal, it claims, first, to have acquired title through the foreclosure of the second mortgage, and, second, if for any reason it be held that such foreclosure was defective and void, it then asserts that it "is at least a mortgage in possession and has acquired title as such."   The latter contention is predicated upon the rule announced in Nash v. Northwest Land Co. 15 N. D. 566, 108 N. W. 792, and kindred cases decided by this court.   But we are unable to see how such rule can here apply, for under the facts it clearly appears that defendants, and not the plaintiff, have been and are now in the actual possession of the property. In the Nash Case this court held that a purchaser at a void foreclosure

sale is deemed an equitable assignee of the mortgage attempted to be foreclosed, and where he takes possession of the premises with the express or implied consent of the mortgagor, he is to be deemed a mortgagee in possession, and that the only remedy of the mortgagor or his grantee is an action in equity to redeem, and that unless such remedy is invoked within the statutory time allowed for bringing such action, such mortgagee in possession will, by such lapse of time, acquire the full legal title. It is apparent under the facts in the case at bar that plaintiff is not, nor was it at any time, a mortgagee in possession. But the fact that plaintiff is not the owner of the legal title, nor a mortgagee in possession, is not of controlling importance in disposing of this suit, except to the extent of plaintiff's claims for affirmative relief; for under the issues defendants, by their counterclaim, are asking for affirmative equitable relief against plaintiff in the nature of an accounting and a redemption, and praying for a decree quieting their alleged title as against all claims held or asserted by plaintiff. It goes without saying that such relief will be granted only upon condition that they first do equity by paying to plaintiff all sums to which in equity and good conscience it is entitled.

We will therefore at this time determine whether plaintiff acquired title to this real property through the foreclosure of the commission mortgage, which foreclosure took place in 1887. This mortgage ran to D. S. B. Johnston, Son, & Hance, a copartnership, and the district court found, and such finding is, we think, clearly in accordance with the evidence, that the same, together with all the property of such copartnership, was in 1885 transferred to the corporation known as D. S. B. Johnston Land Mortgage Company, which latter concern, through its attorneys, conducted such foreclosure proceedings and became the purchaser at the sale, although the published notice of sale purported to be signed by such copartnership. No assignment of such mortgage was ever recorded in the office of the register of deeds. We think this fact alone vitiates such attempted foreclosure, and renders a consideration of the numerous other grounds urged for avoiding such sale unnecessary. Section 5412, Compiled Laws of 1887, reads: "To entitle any party to give notice, as hereinafter prescribed, and to make such foreclosure, it shall be requisite. . . . 3. That the mortgage containing such power of sale has been duly recorded, *and,*

*if it shall have been assigned, that all the assignments thereof have been duly recorded in the county where such mortgaged premises are situated."* Even under the most liberal rule for construing such statute we deem it clear that such omission to record the assignment is fatal to the sale. This is settled in this jurisdiction. Hebden v. Bina, 17 N. D. 235, 138 Am. St. Rep. 700, 116 N. W. 85, and cases cited. We adhere to the views there expressed. The purpose of such statute, as we held in Hebden v. Bina, was to require that the person who attempts to exercise the power of sale in a mortgage must have and hold the record title of such mortgage. See also Hathorn v. Butler, 73 Minn. 15, 75 N. W. 743, decided under a statute the same as ours above quoted.

The conclusion is, we think, inevitable that the only effect, therefore, of such foreclosure sale, was to vest in the D. S. B. Johnston Land Mortgage Company, the purchaser at the sale, and to whom the sheriff's deed runs, the ownership of the mortgage attempted to be foreclosed, as the equitable assignee thereof. So, at the most, this plaintiff, the D. S. B. Johnston Land Company, which claims to be the Land Mortgage Company under another name, merely stands in no more favorable position.

But we think the plaintiff company failed in its proof to show that it is in fact the Land Mortgage Company under a new name, or, in other words, to identify or connect itself with such company. The mere recital of such fact by the sheriff in his deed to the Land Mortgage Company is not competent proof thereof. Hannah v. Chase, 4 N. D. 351, 50 Am. St. Rep. 656, 61 N. W. 18. No other proof of such fact was offered, although it is apparent that this omission was a mere inadvertence on the part of plaintiff's counsel, and they no doubt in good faith believed that such fact was sufficiently established by proper proof. After due consideration we have concluded, notwithstanding such failure of proof, to dispose of the merits of the litigation on the assumption that the lacking proof will be supplied if an opportunity is afforded to do so, and to the end that full relief to the parties may be administered in this action we deem it proper to afford such opportunity to the plaintiff by directing the trial court, upon the filing of the remittitur, to take further proof covering such point.

Assuming that plaintiff will be able to supply such missing link in its proof, we proceed to determine the ultimate relief to which the parties are entitled.

The plaintiff being, as before stated, merely the equitable assignee of the mortgage attempted to be foreclosed, and it also being an assignee of the first, or Avery, mortgage, which latter mortgage was sold and assigned to it in February, 1902, and it never having been in the actual possession of the premises under such mortgages, or at all, it is plain that it cannot maintain its action, nor is it in a position to assail the defendants' title or right of possession upon any of the grounds urged by it, unless, perhaps, plaintiff's contention that the deed from Harrington to these defendants was champertous and void can be successfully urged to defeat the affirmative relief sought by the defendants' counterclaim.

Was the deed from Harrington to these defendants champertous and therefore void? We are clear that this question must be answered in the negative. The fallacy in appellant's contention is apparent when we consider the evidence as to the possession of the land in controversy at the time such deed was executed and delivered. It is undisputed that the land was wild prairie land without a vestige of improvement, and at the most it is merely contended that plaintiff's possession thereof was constructive only and such as it would obtain by reason of the fact that on a few occasions it entered into leases with third persons, authorizing them to cut hay thereon. Such acts fall far short of constituting actual, open, and notorious possession sufficient to set the champerty statute in motion. This is decided by this court in State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357, the syllabus reading: "The occasional cutting and removal of hay from unoccupied lands, under a permit from one claiming title adverse to the plaintiff's grantor, is not sufficient to constitute adverse possession so as to avoid plaintiff's deed for maintenance." The authorities cited by appellant's counsel do not support their contention. These cases are Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77; Conrad v. Adler, 13 N. D. 199, 100 N. W. 722; Burke v. Scharf, 19 N. D. 227, 124 N. W. 79; Cotton v. Horton, 22 N. D. 1, 132 N. W. 225. It will be seen

by an examination of the opinions that such cases are predicated upon actual, open, and notorious possession.

The attempted foreclosure of the commission mortgage being ineffectual to convey the legal title to the plaintiff, or to the D. S. B. Johnston Land Mortgage Company, it follows, of course, that Harrington, the defendants' grantor, and not this plaintiff, had the constructive possession of the premises which flowed from his legal title. See Bull v. Beiseker, 16 N. D. 290, 14 L.R.A.(N.S.) 514, 113 N. W. 870; also Herbage v. McKee, 82 Neb. 354, 117 N. W. 706, and Butler v. Smith, 84 Neb. 78, 28 L.R.A.(N.S.) 436, 120 N. W. 1106. In the latter cases it was correctly held that unimproved and unoccupied land is deemed to be in the possession of the holder of the legal title, and not in the holder of the title under void judicial proceedings.

This brings us to a consideration of the issues raised by defendants' counterclaim and plaintiff's reply thereto. As before stated, defendants pray for a decree in their favor quieting their title as against all claims of the plaintiff. To entitle them to such affirmative relief, they must do equity by paying all sums equitably due plaintiff, including the various items paid by it as taxes on such land, with interest. Defendants concede this, but they assert that this well recognized rule of equity jurisprudence does not require the payment by them of the first mortgage, because, as they argue, such mortgage was barred by the statute of limitations long prior to the date of its purchase by plaintiff. We fail to perceive any merit in such contention. It is apparent that it is wholly without support in the adjudicated cases, for respondents' able counsel frankly admit in their printed brief that they have labored in vain through long and diligent research to find a case in point. We are not at all surprised at this, for it seems plain, on elementary principles, that defendants occupy, as against the plaintiff, who is the purchaser and assignee of the mortgage, no more favorable position than it would have occupied as against the mortgagee had he retained the ownership thereof. Is it at all logical or reasonable to hold that the rule that those who seek equity must do equity will apply in one case, but not in the other? Why any such distinction? The equities are just as strong in the one case as in the other. By the assignment of the mortgage the mortgagor clearly transferred all his equities therein to his assignee. Surely there is no rule of law or

29 N. D.—34.

equity which forbids the sale and transfer of an outlawed note and mortgage. The running of the statute does not affect the chose in action, either in law or in equity, except to bar the holder's remedy by action to enforce its payment, when such bar is properly pleaded. He who asks the aid of equity to cancel such mortgage as a cloud on his title, or to quiet title as against the record liens thereon, is, in equity and good conscience, just as much bound to pay the amount justly due thereon when it has been assigned as he is when it remains the property of the original holder. In other words, he gains no advantage in law or in equity by such assignment. The rule requiring those who ask equity to do equity. is, we think, misapplied by respondents' counsel. The defendants are the parties who are seeking equity under the counterclaim, and by so doing they call into operation such rule against them. Plaintiff is not seeking to enforce payment of these mortgages and taxes, and defendants, under the rule, are required to pay the same only as a condition to obtaining the equitable relief asked, and because inherent equity and natural justice require it.

This brings us to the question of the amount of plaintiff's equities, and which defendants should be required to satisfy as a condition to the affirmative relief asked. The district court found such amount, including taxes and interest, after deducting $60 which plaintiff collected for hay leases, to be, on November 1, 1912, the sum of $2,543.27. Appellant's counsel do not seem to question the correctness of this amount, but the respondents' counsel urge that it is very materially excessive. From our examination of the record on this point we are satisfied that the learned trial court's finding is as favorable to the respondents as the testimony warrants.

Our conclusion, therefore, is that the judgment of the district court is in all things correct, provided the plaintiff shall be able to supply the proof which is lacking as to the fact that it is the same corporation as the D. S. B. Johnston Land Mortgage Company, and for the purpose of enabling plaintiff to supply such proof a new trial of such issue is granted.

If such proof is made to the satisfaction of the trial court, it will enter judgment in accordance with its former decree, but fixing a reasonable time from and after the entry of its judgment for the pay-

ment or tender into court by defendants of the sum found to be due to the plaintiff. Defendants and respondents will recover their costs and disbursements on this appeal.