## In re OPINION OF THE JUDGES.

### (204 N. W. 905.)

(Opinion filed July 1, 1925.)

1.  **Constitutional Law—Statutes—Duty of Court to Declare Legislative Act Constitutional if Not Invalid Beyond Reasonable Doubt.**

    It is the duty of a court to declare a legislative act constitutional if it is not invalid beyond a reasonable doubt.

2.  **Statutes—Rural Credit Board—Act Consolidating Land Settlement Board with Rural Credit Board Contains Single Subject Expressed in Single Title.**

    Laws 1925, c. 266, which has for its object the consolidation of the land settlement board with the rural credit board, contains a single subject, expressed in a single title, though in separate items, hence complies with Const., Art. 3, Sec. 21.

3.  **Statutes—Land Settlement Board—Certain Sections of Act Consolidating Land Settlement Board with Rural Credit Board Held Invalid as Not Being Embraced in Title of Act.**

    Sections 12, 17, 18, of Laws 1925, c. 266, which has for its object the consolidation of the land settlement board with the rural credit board, are invalid as not being embraced in the title of the act; they having no logical connection with any of the 12 items of the title.

4.  **Statutes—Rural Credit Commissioner—Title as Well as Body of Act Held to Authorize Governor to Appoint Rural Credit Commissioner, Assistant, and Comptroller.**

    Title as well as body of Laws 1925, c. 266, consolidating the land settlement board with the rural credit board, authorizes the Governor to appoint a rural credit commissioner, an assistant commissioner, and a comptroller.

5.  **States—Bonds—Act Held to Authorize Governor to Sign Refunding Bonds to Refund Outstanding Bonds of Rural Credit Board and of Land Settlement Board.**

    Laws 1925, c. 266, which has for its object the consolidation of the land settlement board with the rural credit board, authorizes the Governor to sign refunding bonds to refund outstanding bonds of the rural credit board and of the land settlement board.

Opinion of the Judges of the Supreme Court in response to questions propounded by the Governor. Questions answered.

To His Excellency, the Governor of the State of South Dakota—Sir: Pursuant to the authority given by section 13, art, 5,

of the Constitution, you recently asked us the following questions relative to chapter 266 of the acts passed by the last Legislative Session:

(1) Does chapter 266, 1915 Session Laws, embrace more than one subject as expressed in its title, and is that subject expressed in its title?

(2) Does the title to chapter 266, 1925 Session Laws, cover the power of organizing the South Dakota rural credit board in appointing officers as provided for by sections 1 and 2 of said act?

(3) Does the title of chapter 266, 1925 Session Laws, and section 14 of said act, authorize the signing by the Governor of refunding bonds for outstanding bonds of South Dakota rural credit board and "South Dakota land settlement board"?

Your questions are propounded in view of section 21 of article 3 of the Constitution, which says:

"No law shall embrace more than one subject, which shall be expressed in its title."

The title to said act is as follows:

"An act entitled, an act to amend section 10151 of the South Dakota Revised Code of 1919, as amended by chapter 304 of the Session Laws of 1919, and to amend section 10157 of the South Dakota Revised Code of 1919 relating to rural credits and making provisions for the administration of properties acquired under said act, the disposition thereof, the payment of rural credit bonds, the issuing of funding bonds and emergency warrants, the payment of interest and other obligations and the closing up of the affairs of said department; to amend section 2 of chapter 315 of the Session Laws of 1919 as amended by chapter 366 of the Session Laws of 1921, relating to the South Dakota Land Settlement Act and provide for the taking over of the properties of the South Dakota Land Settlement Act and closing up the affairs of said department; to repeal such acts and parts of acts as may be in conflict with this act, and declaring an emergency."

[1, 2] The first part of the first question is not free from doubt. One's first impression might easily be that the two subjects of rural credits and land settlement are embraced in the title. A reading of the body of the act convinces us, however, that its general purpose was the consolidation of the land settlement board with the rural credit board, with the view to winding up its affairs.

Incidental thereto, the board is given new express powers to cover situations that have arisen, and provision is made for reorganizing the board.  In view of the rule that it is the duty of a court to declare a legislative act constitutional unless it is invalid beyond a reasonable doubt, we determine that the subject-matter of the act is single, and that the title, although expressed in separate items, is also single.

[3]  Coming now to the second part of the first question, it will be seen that the Legislature, instead of adopting a comprehensive general title, chose to adopt an index title, and therefore a restrictive title.   The title embraces twelve separate items, viz.: (1) To amend section 10151 as amended; (2) to amend section 10157; (3) provisions for administration of properties acquired; (4) provision for the disposition thereof; (5) provision for the payment of rural credit bonds; (6) provision for the issuing of funding bonds; (7) provision for the issuing of emergency warrants; (8) provision for the payment of interest and other obligations; (9) provision for the closing up of the affairs of the rural credit board; (10) to amend section 2, Land Settlement Act; (11) provision for taking over properties of Land Settlement Act; (12) provision for closing its affairs.

Upon the most casual survey of the act, it is apparent that section 12, relating to state hail insurance, section 17, relating to tax deeds and notices of redemption, and section 18, relating to annual reports by the board, are not provided for in the title and have no logical connection with any of the twelve items of the title.   It is therefore clear that those sections are invalid because of the restrictive title.   Possibly upon analysis some of the subdivisions of section 3 and other portions of the law may also be found to be without foreshadow in the title.   We are therefore of the opinion that not all of the subject-matter of the act is embraced in the title.

[4]  Your second question is somewhat vague, but inasmuch as the only executive power involved in the question is the appointment of the rural credit commissioner, the assistant commissioner, and the comptroller, our answer is that the title to the act as well as the body thereof authorize you to appoint those officers.

[5] In your third question you call attention to the title and to section 14 of the act and ask if those authorize you to sign refunding bonds. There is another provision of the act contained in subdivision "n" of section 3 which reads:

"And to issue and sell bonds for the purposes only of retiring present outstanding bonds."

We are of the opinion, therefore, that you are clearly authorized to sign refunding bonds to refund outstanding bonds of the rural credit board and of the land settlement board.

Respectfully submitted,

SAMUEL C. POLLEY,
JOHN HOWARD GATES,
CARL G. SHERWOOD,
CHARLES HALL, DILLON,
DWIGHT CAMPBELL,

Judges of the Supreme Court.