KIRBY, Appellant, v. BERDAHL, Secretary of Finance, Respondent.

· (209 N. W. 545.)

(File No. 6151.   Opinion filed July 8, 1926.)

1. **Constitutional Law—Pleading—Complaint Attacking Constitutionality of Statute With Numerous Independent Provisions Held Not Sufficiently Definite or Specific to Invoke Court's Consideration (Laws 1925, c. 115).**

    Complaint attacking, by broad general allegations, as violative of various provisions of the Constitution, Laws 1925, c. 115, treating it as a unit, whereas its purpose was to enact a general administrative code, and many of its provisions are independent of others, and could be enforced, as provided by chapter 4, § 10, thereof, even if others be declared unconstitutional, held not sufficiently definite to invoke court's consideration.

2. **Statutes—Const. Art. 3, § 21, Held Not Violated by Laws 1925, c. 115, Because Embracing Creation of Departments of Finance and Agriculture, They Being Germane to Subject of Establishing Civil Administrative Code.**

    Laws 1925, c. 115, subject of which is the establishment of a civil administrative code, is not violative of Const. art. 3, § 21, because embracing creation of a department of finance and a department of agriculture, matters germane to the subject; scope or magnitude of single subject of statute not being restricted by Constitution.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Constitutional law, Key-No. 46(2), 12 C. J. Sec 216; (2) Statutes, Key-No. 119(1), 36 Cyc. 1036.

On pleading unconstitutionality, see Bancroft's Code Pleading, Vol. 1, p. 144.

Appeal from Circuit Court, Minnehaha County; Hon. HERBERT B. RUDOLPH, Judge.

Alction by Thomas H. Kirby against E. U. Berdahl, as Secretary of Finance.   From an order sustaining demurrer· to complaint, plaintiff appeals.   Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry* and *E. D. Roberts,* Assistant Attorneys General, for Respondent.

CAMPBELL, J. Plaintiff instituted this action by serving and filing his verified complaint as follows:

"Plaintiff complains, and for cause of action alleges:

"(1) That this said plaintiff at all the times hereinafter mentioned was and now is a resident and citizen and taxpayer of the state of South Dakota, residing at all of said times at Sioux Falls, Minnehaha County, S. D.

"(2) That the Legislature of the state of South Dakota, at the nineteenth session thereof, held at the state capitol in the city of Pierre, S. D., in the year 1925, did enact a law, which was approved by the Governor of the state of South Dakota on March 3, 1925, and which law was known as the Civil Administrative Code, being chapter 115 of the Session Laws of 1925.

"(3) That under and by virtue of said chapter 115, Laws of 1925, the Governor of the state of South Dakota did appoint the said defendant, E. U. Berdahl, as secretary of finance for the department of finance of the state of South Dakota, and the said E. U. Berdahl did accept said appointment and is now acting as such secretary of finance for the department of finance of the state of South Dakota, and has, as this said plaintiff is informed and believes, appointed clerks, and subordinates to assist him in said office and under the departments created by said chapter 115 of the Laws of 1925, and the said defendant and his clerks and subordinates are drawing salaries of the state of South Dakota

"(4) That the said defendant, E. U. Berdahl, as secretary of finance for the department of finance of the state of South Dakota, is unlawfully holding and exercising said public office, and his acts and the acts of his said appointees are void and of no effect, and he is unlawfully drawing money as salary of the state of South Dakota, for the reason that said chapter 115 of the Laws of 1925, under which he purports to act, is in all things unconstitutional and void, in that it violates the following provisions of the state Constitution of the state of South Dakota, to-wit:

"Said law violates article 2 of the state Constitution, which provides: 'The powers of the government of the state are divided into three distinct departments, the legislative, executive and judicial; and the powers and duties of each are prescribed by this

Constitution'—in that said act attempts to place in the Governor of the state of South Dakota, and in the said defendant as appointee of the Governor under said act, executive, legislative, and judicial power.

"Said act violates article 3, § 21, of the state Constitution, which provides: 'No law shall embrace more than one subject, which shall be expressed in its title'—in that said act embraces more than one subject, namely, the creation of two different departments, to wit, the department of finance and the department of agriculture, and said act embraces numerous other subjects, which said subjects are not expressed in the title of said act.

"Said act violates section 23(11) of article 3 of the state Constitution, which provides: 'The Legislature is prohibited from enacting any private or special laws in the following cases: * * * 11. Creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers are elected or appointed.'

"Said act violates article 3, § 26, of the state Constitution, which provides: 'The Legislature shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property, effects, whether held in trust or otherwise, or levy taxes, or to select a capitol site, or to perform any municipal functions whatever.'

"Said act violates article 4, § 12, of the state Constitution, which provides: 'There shall be chosen by the qualified electors of the state at the time and places of choosing members of the Legislature, a secretary of state, auditor, treasurer, superintendent of public instruction, commissioner of school and public lands, and an attorney general, who shall severally hold their offices for the term of two years, but no person shall be eligible to the office of treasurer for more than two terms consecutively. They shall respectively keep their offices at the seat of government'—in that said act interferes with and attempts to destroy in part said offices, particularly the office of secretary of state, auditor, treasurer, and attorney general.

"Said act violates article 5, § 12, of the state Constitution, which provides: 'There shall be a clerk and also a reporter of the

Supreme Court, who shall be appointed by the judges thereof and who shall hold office during the pleasure of said judges, and whose duties and emoluments shall be prescribed by law, and by the rules of the Supreme Court not inconsistent with law'— in that said act presumes to take away from the judges of the Supreme Court the power of said appointments and places said duties under said law and the appointees of the Governor in said secretaries so appointed by the Governor.

"(5)  That said act is against public policy and void in that it attempts to place in the said defendant full and complete authority over the employees, appointees, and constitutional officials of the state of South Dakota, and does usurp the power of said constitutional officials, and attempts to place in said defendant executive, judicial, and legislative power.

"(6)  That, if the said defendant is allowed to usurp said office as hereinbefore mentioned, and is allowed to unlawfully hold and exercise same, which said acts of the said defendant and his appointees are now causing the expenditure of large sums of money belonging to the state of South Dakota, and will continue to call for the expenditure of large sums of money belonging to said state illegally, which sums will be paid by the taxpayers of the state, including this said plaintiff.

"(7)  That demand has been made by this said plaintiff upon the Attorney General of the state of South Dakota to bring an action in the name of the state of South Dakota, seeking the relief herein asked for by 'quo warranto,' but the Attorney General of the state of South Dakota has refused to bring said action under the claim that it is his duty to uphold the statutes of the state of South Dakota, as passed by the Legislature, if possible.

"Wherefore, this said plaintiff demands judgment against the said defendant, requiring him to vacate and cease to hold said public office now illegally held by him, and that said defendant be commanded and required to desist from in any manner attempting to act under said office, and that he be ousted therefrom, and for such other relief as to the court may seem just and equitable."

To this complaint defendant interposed his demurrer upon the following grounds:

"(1)   That the court has no jurisdiction of the person of the defendant or the subject of this action.

"(2)   That the complaint 'does not state facts sufficient to constitute a cause of action."

From an order sustaining defendant's demurrer, plaintiff appeals. .

[1, 2]   It is to be observed that appellant in his complaint treats chapter 115 of the Laws 1925 as a unit, whereas a casual reading of the act indicates that its purpose was to enact a general administrative code for the state of South Dakota.   It contains some 61 sections, with a large number of subdivisions, and many of the provisions of the act are absolutely independent of others, and could still stand and be enforced even if some of the provisions should be held unconstitutional and invalid.   The legislative intent in the event of partial invalidity of the act has been indicated by section 10 of chapter 4 thereof, reading as follows:

*"Constitutionality.   Constitutional in Part or in Whole.*   Should the courts declare any section or any part of a section, or any article or any part of an article, of this act unconstitutional or unauthorized by law, or in conflict with any other section or part or subdivision of section, or in conflict with any article or part of an article, then such decision shall affect only the section or part or subdivision of a section or article or part thereof so declared to be unconstitutional and shall not affect any other section or any other part or subdivision or section or article of this act."

Under these circumstances certainly no court could be expected, on the broad general allegations of the complaint herein, to search through the numerous sections and subsections of the act in question to determine whether or not some one or more of them might be repugnant to the provisions of the Constitution of this state cited by appellant in his complaint.   The only portion of the complaint which could be held sufficiently definite or specific to invoke the consideration of the court, is that portion of paragraph 4 of the complaint, wherein it is specifically stated that the act is in violation of section 21, article 3, Constitution, because it embraces the creation of "two definite departments, to wit, the department of finance, and the department of agriculture."   We are of the opinion that the act is not open to objection so far as this particu-

lar allegation is concerned. There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act. State v. Morgan, 2 S. D. 32, 48 N. W. 314. The subject of the act in question is the establishment of a civil administrative code, and certainly the creation of a department of finance and the creation of a department of agriculture are both matters which are germane to, and may be naturally and reasonably connected with, the subject of the act as expressed in the title.

The other matters sought to be raised by the complaint are not pleaded with such definiteness or particularity as to raise any questions for decision by a court.

We are therefore of the opinion that the learned trial judge was right in sustaining the demurrer, and the order appealed from is affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.