COWELL, Respondent, v. LEWIS, Appellant.

(217 N. W. 218.)

(File No. 6606.   Opinion filed December 28, 1927.)

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Appellant.

*Grant L. Parrish,* of Miller, *Harold P. Gilchrist,* of Kadoka, and *Fuller & Robinson,* of Pierre, for Respondent.

CAMPBELL, P. J. Plaintiff applied to the court below for a writ of mandamus requiring the defendant, as commissioner of hail insurance of the state of South Dakota, to adjust a hail loss suffered by plaintiff on his real estate in Jackson county, S. D., on July 15, 1927, and to treat and recognize said loss when so adjusted as a valid obligation of the state hail insurance department. The application for the writ alleged all facts prima facie necessary to authorize the awarding of the writ, and further specifically alleged that on June 1, 1927, the real estate in question was subject to a rural credit mortgage to the state of South Dakota upon which the annual interest was then past due and delinquent, and that the real estate taxes assessed against said premises for the year 1926 were then past due and delinquent, and alleged that the refusal of the defendant hail insurance commissioner to adjust the loss and recognize the claim of plaintiff was based solely and entirely upon the specific facts last above mentioned, together with the provisions of section 20 of chapter 187, Laws 1927.

The defendant moved to quash the alternative writ, which motion to quash was denied, and from such order denying his motion to quash the defendant has appealed.

The sole question presented by this appeal is as to the constitutionality of section 20, chapter 187, Laws 1927. The ruling of the learned trial judge necessarily implies that in his opinion this

section of the statute was unconstitutional, although there is nothing in the record from which we are able to determine the precise reasons which to his mind spelled unconstitutionality.

This section in question reads as follows:

"*Hail Insurance.*—Whenever at the time hail insurance becomes effective under the state hail insurance law in any year, interest shall be delinquent upon any rural credit mortgage owned by the state or taxes shall be delinquent upon said lands covered by such mortgages, no state hail insurance shall attach to any crop produced on said land for that year, and any taxes assessed or levied against said land for hail insurance for such year shall be null and void."

The title of the act in question is as follows:

"An act entitled, an act providing for the continuance, maintenance and operation by the state of South Dakota of the system of rural credits heretofore established; creating a South Dakota rural credit board for the management and control thereof; defining the powers, duties and functions of said board, and repealing sections [here reciting a list of Code sections and Session Laws specifically repealed] and all acts and parts of acts in conflict herewith."

Section 20, above quoted, is very similar to the statute that was enacted as section 12, chapter 266, Laws 1925, in the following words:

"Whenever, on the first day of June in any year, interest shall be delinquent upon any rural credit mortgage or land settlement act mortgage owned by the state, or taxes shall be delinquent upon said lands covered by such mortgages, no state hail insurance shall attach to any crop produced on said land for that year, and any taxes assessed or levied against said land for hail insurance for such year shall be null and void."

Chapter 266, Laws 1925, dealt principally, if not altogether, with the subject of rural credits, as does chapter 187, Laws 1927; but the title thereto instead of being general and comprehensive with reference to that subject was an "index" title, specifying the various phases of the general subject of rural credits purporting to be dealt with by the act, and was therefore exclusive under the established rule of this court. See Bekker v. Railway Co., 28 S. D. 84, 132 N. W. 797. The judges of this court had occasion, in

an opinion to the Governor, to consider the constitutionality of section 12, chapter 266, Laws 1925, and were unanimously of the view that said section 12 was not within any of the provisions of the restricted index title of chapter 266, Laws 1925, and with reference thereto the judges used the following language:

"Upon the most casual survey of the act, it is apparent that section 12, relating to state hail insurance, section 17, relating to tax deeds and notices of redemption, and section 18, relating to annual reports by the board, are not provided for in the title and have no logical connection with any of the twelve items of the title. It is therefore clear that those sections are invalid because of the restrictive title." Re Opinion of the Judges, 48 S. D. 375, 204 N. W. 905.

It will be observed that the judges in that opinion, in speaking of section 12 of the act, denominated it as "section 12, relating to state hail insurance." This language was used as a matter of convenient reference. Section 12 of the 1925 act, whether considered as relating to hail insurance or considered as relating to a certain phase of rural credits, was equally beyond the scope of the restricted index title of the 1925 act. It was not the intention of the judges to indicate, by referring to section 12 of the 1925 act as "relating to state hail insurance," that such section, or a similar section, must in all cases and at all events be construed to relate to state hail insurance exclusively, or that it did not have or could not have a relation to rural credits.

Section 12 of the 1925 act, having been now in substance reenacted as section 20 of the 1927 act under a general and comprehensive title sufficient in form to include anything properly germane to the subject of rural credits, this court, as distinguished from the judges of the court, is now confronted with the question of its constitutionality as a part of the 1927 act.

Section 21 of article 3 of the Constitution of South Dakota provides as follows:

"No law shall embrace more than one subject, which shall be expressed in its title."

The title to chapter 187, Laws 1927, is broad and comprehensive and embraces but one subject only, to wit, the general subject of "Rural Credits." Under the uniform holdings of this court since statehood, the Legislature might properly include under

that title any matter naturally and reasonably connected with the general subject of rural credits and germane thereto. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Carlisle, 30 S. D. 475, 139 N. W. 127; Kirby v. Berdahl, 50 S. D. 293, 209 N. W. 545.

Turning then to section 20 of the Act of 1927, and viewing it as it stands alone, it is apparent that the section has a dual aspect necessarily implicit in its words, and has a relation to, and an effect upon, the subject of rural credits and also the subject of hail insurance. The section, standing alone, viewed through the spectacles of the rural credit board, entails a certain consequence upon the failure of a rural credit borrower to pay his interest when due or his failure to pay the taxes assessed against the security. The hail insurance feature is incidental. If, on the other hand, we view .the section through the spectacles of the hail insurance commissioner, we readily perceive that what it does is to establish to some degree a classification of hail insurance risks, and creates a certain class of lands to which the state hail insurance law, otherwise generally applicable by the provisions of section 1 of chapter 209, Laws of 1923, shall have no application. The rural credit feature is incidental. In view of the essential duality of aspect inherent in the words of section 20, we do not believe that this court can or should say in substance to the Legislature that section 20 might properly be a part of an act whose general comprehensive title was the subject of hail insurance, but would be beyond the scope of the title of an act whose general and comprehensive title was rural credits; nor do we think that it can be said per contra that an act in the words of section 20 is germane to the general subject of rural credits and not germane to the general subject of hail insurance. It seems to us entirely apparent as a matter of fact that section 20 is germane to both of those general subjects, and it lies, we think, within the ambit of legislative competence to enact the words of section 20 in its discretion as part of a statute whose general comprehensive title is rural credits, or as part of a statute whose general comprehensive title is hail insurance.

This is not to say, however, that the results therefrom arising will be identical. It is entirely conceivable and frequently happens that the constitutionality of a statute will depend in no inconsiderable measure upon the legislative intent and purpose, and

the object which the Legislature thereby principally sought to accomplish.

When the Legislature saw fit to enact section 20 as part of chapter 187, Laws 1927, under a broad title relating to the general subject of rural credits, we are of the opinion that the Legislature thereby declared that they were legislating in the field of rural credits, and that their primary object in enacting section 20 as part of that statute was the effect that section 20 would have in the rural credit field, and that any effect it might have in the field of hail insurance or elsewhere was incidental only. We are therefore of the opinion that the constitutionality of section 20, in view of the title under which it was enacted, must be considered with reference to its rural credit aspect which the Legislature by its selection of title has declared itself to be primarily interested in.

If the Legislature in its wisdom had conceived that it was desirable or necessary to classify the risks which should be covered by state hail insurance, and that it was necessary and desirable from the point of view of the hail insurance department to provide that lands incumbered by a rural credit mortgage with interest thereon delinquent should not be subject to state hail insurance, and to that end, and as indicative of that object and purpose, had enacted the words of section 20 under a title relating to the subject of hail insurance, it is possible that such statute might be upheld as a valid and reasonable legislative regulation of the hail insurance business of the state without regard to any incidental effect thereof in the field of rural credits. That question, however, is not before us, and we expressly refrain from passing thereon. The Legislature by enacting the words of section 20 under the title of chapter 187 have definitely stated that they were legislating in the field of rural credits, not in the field of hail insurance. The constitutionality of section 20 viewed primarily as a rural credit regulation, which the Legislature by the present title have said they intended it to be, is not in any wise affected by the fact, if it be a fact, that the Legislataure might validly have enacted the same or similar words under a proper title in the field of hail insurance if they had entertained the view that the exigencies of the hail insurance situation required such legislation.

Viewing section 20 then in its rural credit aspect and as a rural credit regulation, which is the only manner in which it

was enacted by the Legislature, it seems quite clear that the necessary effect of the statute is to entail a new and additional consequence upon the failure of a rural credit borrower to pay his interest when due and to keep up his real estate taxes. Certainly by the terms of his rural credit contract it is the duty of the borrower to make his payments when due and to keep up his taxes. In default of so doing he renders himself liable to the sale of his land for taxes and to the acceleration of his debt and the foreclosure of the mortgage. Section 20, however, erects upon such default an additional penalty and forfeiture not provided for in the rural credit contract or by the terms of existing law at the time such contract was made, namely, that upon such default the borrower, and his tenants if he has any, shall be deprived of the privilege of exercising their discretion as to availing themselves of the benefits and assuming the correlative burdens of the state hail insurance law, a privilege otherwise extended to all landowners and tenants. The rural credit mortgage is a contract between the state and the mortgagor. Such contract, excepting in so far as the right of impairment may be reserved by existing law at the time of the creation thereof, is no more subject to subsequent impairment by legislative act than is a contract between individuals. As to all rural credit contracts existing at the time chapter 187, Laws 1927, took effect, and the contract of respondent was one of those, it seems clear that section 20 of the 1927 statute is an unconstitutional impairment within the provisions of section 12, article 6, of the Constitution of South Dakota, and section 10 of article 1 of the Constitution of the United States.

We are therefore of the opinion that the learned trial judge rightly denied the motion to quash, and the order appealed from is affirmed.

SHERWOOD, BURCH, and BROWN, JJ., concur.
POLLEY, J., disqualified and not sitting.