KEITH, Respondent, v. KEITH, Appellant.

(156 N. W. 910.)

(File No. 3915.   Opinion filed March 16, 1916.)

**Husband and Wife—Trust Relations—Post-nuptial Property Agreement—Use of Wife's Property—False Representations as to Husband's Property—Deception as Presumptive Fraud.**

In a suit by a wife to cancel a post-nuptial agreement to use the income of her property as a common fund to meet certain expenses, held, that the relation of husband and wife is one of special confidence and trust, requiring the utmost good faith; and any transactions concerning their property, in concealment or misrepresentation by one party as to the value of his or her property will render such contract voidable, and are scrutinized by the court with great care to prevent unjust advantage by means of oppression, deception, or fraud.

Appeal from Circuit Court, Spink County.  HON. ALVA E. TAYLOR, Judge.

Action by Cornelia Townley Keith, against Donald E. Keith, to cancel a contract made between plaintiff and defendant.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Morris & Moriarty,* for Appellant.

*Sterling & Clark,* for Respondent.

Respondent cited: Civ. Code, Sec. 1624.

McCOY, J.   Action to cancel a contract made between plaintiff and defendant.  There were findings and judgment in favor of plaintiff, and defendant appeals.

It appears from the record that plaintiff and defendant were married about the 14th day of October, 1908; that at the time of said marriage plaintiff was, and ever since has been, the owner of three quarter sections of land in Spink county; that after said marriage the plaintiff and defendant entered into a contract, bearing date October 1, 1908, but which was dated back to a time preceding the marriage, by the terms of which contract the plaintiff, in consideration of affection, love, and sympathy, agreed that the income of all her property should be used as a common fund for the equal use of plaintiff and defendant, for household expenses, rent of dwelling, and clothing, and taxes, and necessary expenses to keep up said land and income property. On the trial the court, among other things, found that defendant falsely and fraudulently concealed from plaintiff the fact that he

had no property, and concealed from plaintiff the fact that he was going through bankruptcy, that at the time of the marriage the defendant had no property of any kind, and was then going through bankruptcy, but that he fraudulently and falsely represented to her that he had property and sufficient means to support himself and wife, and that plaintiff, relying upon the truth of such representations so made by defendant, was induced to and did enter into the contract in question. There was ample testimony given on the trial to sustain this finding, especially that defendant falsely deceived plaintiff as to his ownership of property.

The transaction and contract here involved was in the nature of a postnuptial agreement or settlement. While it is lawful and not against public policy for husband and wife to enter into such contracts, yet they are not dealing with each other as strangers at arm's length. The relationship of husband and wife is one of special confidence and trust, requiring the utmost good faith and frankness in their dealings with each other. A strong instinctive passion for property often leads a husband or wife into schemes for the absorption and conversion of the other's possessions. In such transactions any concealment or misrepresentation by one party as to the value of his or her property will render such contract voidable. Transactions of this character are scrutinized by the courts with great care, to the end that no unjust advantage may be obtained by one over the other by means of any oppression, deception, or fraud. Courts of equity will relieve against any unjust advantage procured by any such means, and less evidence is required in such cases to establish the fraud, oppression, or deception than if the parties had been dealing at arm's length as strangers; and, where deception has been shown, fraud may be constructively presumed therefrom. Schouler, Dom. Rel. § 200. Meldrum v. Meldrum, 15 Colo. 478, 24 Pac. 1083, 11 L. R. A. 65, and note; Farmer v. Farmer, 30 N. J. Eq. 211; Thomas v. Thomas, 27 Okl. 729, 109 Pac. 825, 113 Pac. 1058, 35 L. R. A. (N. S.) 129, and note, 24 Ann. Cas. 713, and note; Weller v. Weller, 112 N. Y. 655, 19 N. E. 433; Id., 44 Hun, 172.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.