WHITBECK, Appellant, v. McCLENAHAN et al, Respondents.

(167 N. W. 144.)

(File No. 4285. Opinion filed March 26, 1918.)

1.  Constitutional Law—Contracts, Impairing Obligation—Retrospective Law—Insurance by Foreclosure Purchaser—Premium, Redemption as Embracing—Demurrer, Whether Sustainable.

    Under Laws 1913, Ch. 274, providing that foreclosure sale purchaser may, during redemption period, pay renewal insurance premium and its amount shall increase the mortgage debt from which redemption may be made, but if mortgagor or redemptioner shall decide to contest the validity or correctness of such premium, he may file with sheriff an indemnity bond, that then sheriff must permit redemption without payment of such premium, and foreclosure purchaser may determine validity, etc., of the premium by suit upon the bond, held, that, if to require redemptioner to repay the insurance premium would be to impair the obligation of a mortgage containing no covenant by mortgagor to keep buildings on the mortgaged premises insured, and not authorizing mortgagee to insure and to add costs thereof to the mortgage debt, then a demurrer to a complaint setting forth such facts was properly sustained; since while said law is retrospective in wording—being one providing for doing something in future—yet thereunder future payment of premiums may be based upon mortgages given before enactment of the law.

2.  Mortgages—Foreclosure Sale Purchaser's Insurance Renewal, Redemption From Premium—Foreclosure Sale Purchaser, Mortgagee in Possession, Distinguished—Statute, Validity.

    A purchaser at foreclosure sale stands in different relation

to the property purchased than does a mortgagee in possession; such purchaser not being entitled to possession; but, if he were a trustee such as would be mortgagee in possession, while such fact might justify enactment of Laws 1913, Ch. 274, providing that foreclosure sale purchaser, whether such sale was before or after enactment of the act, may during redemption period pay renewal insurance premium and its amount shall increase mortgage debt for purposes of redemption from the sale,—it would not change the fact that, to apply the provisions of the law would impair obligations of an existing mortgage contract containing no covenant by mortgagor to keep the buildings on mortgaged property insured, and not authorizing mortgagee to insure and add costs thereof to mortgage debt. Therefore **held**, that said law, when applied to a mortgage executed before its enactment, is invalid as impairing the obligation of contracts.

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by A. C. Whitbeck, against J. R. McClenahan and others, to recover upon an indemnity bond. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Brown & Brown,* for Appellant.

*House & Dyer,* for Respondents.

(1) To point one of the opinion, Appellant cited: Walton v. Hollywood, (Mich.) 11 N. W. 209; Clark Implement Company v. Wadden, 34 S. D. 550; Curtis v. Whitney, 80 U. S. 68, 20 L. ed. 513.

Respondents cited: 38th L. R. A., (N. S.) 1910; Greene v. Biddel, 5 L. Ed., 547; American Investment Co. v. Thayer, 7, S. D., 72.

(2) To point two of the opinion, Appellant cited: Lynch v. Ryan, 118 N. W. 174.

WHITING, P. J. Chapter 274, Laws 1913, provides, among other things: That the purchaser at a foreclosure sale of real estate, whether such foreclosure was had either before or after the enactment of such act, may, where during the year of redemption an insurance policy on the premises sold has expired, pay the premium necessary to procure a renewal of such policy: that the amount so paid, with interest thereon, shall be and constitute a part of the sum necessary to be paid for the redemption from said sale; that, in case the mortgagor or other redemptioner

shall object to the payment of such insurance premium on account of the incorrectness or invalidity thereof, he may file with the sheriff an indemnity bond; that thereupon the sheriff must permit redemption to be made without the payment of such insurance premium so excepted to; and that the purchaser may determine the validity or correctness of such premium by an action directly upon such bond.

Plaintiff, the mortgagee, was the purchaser, in August, 1914, at a foreclosure sale under a mortgage given in 1910. During the period of redemption he renewed a policy of insurance on the buildings on said premises. He brought this action to recover upon an indemnity bond given under the provisions of the law above referred to. The mortgage contained no covenant on the part of the mortgagor to keep the buildings on said premises insured, neither did it contain any provision authorizing the mortgagee to insure the buildings and add the cost of insurance to the mortgage indebtedness. The mortgagor and his immediate grantor had, pursuant to an oral agreement with the mortgagee, insured such buildings—the policies providing "that the loss if any should be payable to said mortgagee as his interests might appear." Such insurance was in force at time of foreclosure sale. After foreclosure sale the premises were transferred, finally becoming the property of the redemptioner, the defendant McClenahan. It was prior to the purchase by McClenahan, but while the property was owned by one who had not insured same, that plaintiff took out the insurance.

The trial court sustained a demurrer to a complaint setting forth the above facts, and it is from such ruling that this appeal was taken.

[1]  The sole question before us is whether to require the redemptioner to repay this insurance money would be to impair the obligation of the contract evidenced by the mortgage. If so, the demurrer was properly sustained, because, while the law is not retrospective in its wording—being one which provides for the doing of something in the future; yet the thing to which the law applies—the future payments of premiums—may be payments based upon mortgages theretofore given as well as to those based upon future mortgages.

[2]  By citing and quoting from Lynch v. Ryan, 137 Wis.

13, 118 N. W. 174, 129 Am. St. Rep. 1040, appellant implies that the purchaser at a foreclosure sale is in a like position, as to the property purchased, as is a mortgagee in possession to the mortgaged property—that he is a trustee, and that expenditures for insurance are in the nature of reasonable expenditures for the preservation of the trust property for which such a trustee can recover. We are unable to see any analogy between the position of a mortgagee in possession and that of the purchaser at foreclosure sale. Such purchaser is not entitled to possession, and in the present case there is no claim that he was in possession. But, even if such a purchaser were a trustee, while such fact might afford a sufficient ground to justify the enactment of the law, it would hardly change the fact that, in a case such as the one before us, to apply the provisions of the law would impair the obligations of an existing contract.

A mortgagee may see fit to loan money on real property, looking for his security to the soil and not to the insurable improvements. The mortgagor may, perhaps unwisely, desire to run his own risk of loss from fire or tornado and thus escape the payment of premiums. If, under such circumstance, a mortgage is given such as the one in this case and thereafter a law is enacted requiring every mortgagor of real property, including those whose mortgage was in existence at the time the law was enacted, to insure the mortgaged property for the benefit of the mortgagee, would any one contend for a moment that such law if enforced would not impair the obligation of the contract previously entered into? Certainly not. And it impairs the obligation of the contract just as much to put this extra burden on the redemptioner as it would to put it on the mortgagor before foreclosure sale. This case is ruled by the holding of this court in Hollister v. Donahoe, 11 S. D. 497, 78 N. W. 959.

The order appealed from is affirmed.