**In the Matter of the ESTATE OF Edwin GAB, Deceased.**

No. 14567.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1985.

Decided March 20, 1985.

Lonald L. Gellhaus of Williams, Gellhaus & Battey, Aberdeen, for appellant.

Carlyle E. Richards of Ronayne & Richards, Aberdeen, for appellees.

WUEST, Acting Justice.

This is an appeal from a judgment and order which upheld as valid and enforceable a postnuptial agreement and denied appellant's petition for an elective share of her husband's estate, pursuant to SDCL 30–5A–6. We affirm.

Edwin (decedent) and Frances Gab (appellant) were married on August 2, 1974. Decedent had four children from a previous marriage, all of whom were adults when he married appellant. Appellant had also been married before and had seven children from that marriage. All but two of appellant's children were adults when she married decedent.

Both individuals possessed real and personal property when they married each other and both worked during the majority of the marriage, making substantially equal financial contributions during the eight-year marriage.

In August of 1975, appellant and decedent purchased a house and received a warranty deed conveying the property to them as joint tenants with rights of survivorship. Appellant paid $8,500 on the home and decedent paid approximately $13,000. The balance was mortgaged, with monthly payments made to Aberdeen Federal Savings and Loan. The basement of the home was converted into an apartment, which was rented for $160 per month. These monthly rental payments carried their monthly house payment.

On February 17, 1976, both parties executed wills, specifically excluding each other as heirs to their respective states. Each will then bequeathed all of the residue of each estate, under various terms, to the children of that decedent. On March 19, 1976, the couple executed a postnuptial property agreement, which states, in pertinent part:

[I]n consideration of One Dollar and other good and valuable consideration, including the benefits to accrue to the heirs of both parties, it is hereby agreed and stipulated by and between the under-

signed as follows: (1) That neither of the undersigned shall revoke, or amend, in whole or in part, the Last Will and Testament that each has this day executed, and a true and correct copy of which is attached hereto and incorporated by reference herein the same as if set out in full, without the written consent of the other.

Decedent died on October 13, 1982, and appellant petitioned the trial court to take her elective share in his augmented estate, pursuant to SDCL 30–5A–6. The trial court denied appellant's petition, holding that inasmuch as the nature, extent, and value of decedent's property was fully known and fairly disclosed to appellant, appellant freely and for good consideration entered into the agreement in question. We agree.

■ This court has endorsed property agreements between spouses as a method of protecting the inheritance rights of their respective children by previous marriages. *Schutterle v. Schutterle*, 260 N.W.2d 341 (S.D.1977). As to this, we stated in *Schutterle* that

courts have recognized that it is natural and proper for a parent to desire to provide for the children of his or her first marriage. *See, e.g., Christians v. Christians*, 241 Iowa 1017, 44 N.W.2d 431; *In re Estate of Jeurissen*, [281 Minn. 240, 161 N.W.2d 324 (1968)]; *In re Beat's Estate*, 25 Wis.2d 315, 130 N.W.2d 739 (post-nuptial agreement).

260 N.W.2d at 348. Such agreements are lawful even when executed after the parties are married. *Keith v. Keith*, 37 S.D. 132, 156 N.W. 910 (1916); *see also Matter of Estate of Lewin*, 42 Colo.App. 129, 595 P.2d 1055 (1979); *Baker v. Baker*, 394 So.2d 465 (Fla.App.1981); *Matter of Estate of Loughmiller*, 229 Kan. 584, 629 P.2d 156 (1981); *Chrisp v. Chrisp*, 207 Neb. 348, 299 N.W.2d 162 (1980).

■ Nonetheless, because of the confidential relationship which exists between husband and wife, postnuptial agreements are subjected to close scrutiny by the courts to insure that they are fair and equitable. *See, e.g., In re Estate of Har-*

ber, 104 Ariz. 79, 449 P.2d 7 (1969); *Posner v. Posner*, 257 So.2d 530 (Fla.1972); *Rockwell v. Estate of Rockwell*, 24 Mich.App. 593, 180 N.W.2d 498 (1970); *White v. White*, 226 Pa.Super. 499, 313 A.2d 776 (1973). We addressed this issue in *Keith, supra*, stating:

> The transaction and contract here involved was in the nature of a postnuptial agreement or settlement. While it is lawful and not against public policy for husband and wife to enter into such contracts, yet they are not dealing with each other as strangers at arm's length. The relationship of husband and wife is one of special confidence and trust, requiring the utmost good faith and frankness in their dealings with each other. A strong instinctive passion for property often leads a husband or wife into schemes for the absorption and conversion of the other's possessions. In such transactions any concealment or misrepresentation by one party as to the value of his or her property will render such contract voidable. Transactions of this character are scrutinized by the courts with great care, to the end that no unjust advantage may be obtained by one over the other by means of any oppression, deception, or fraud. Courts of equity will relieve against any unjust advantage procured by any such means, and less evidence is required in such cases to establish the fraud, oppression, or deception than if the parties had been dealing at arm's length as strangers; and, where deception has been shown, fraud may be constructively presumed therefrom.

37 S.D. at 133, 156 N.W. at 911.

■ As stated *supra*, the trial court concluded that the nature and extent of decedent's property was fairly disclosed to appellant at the time of decedent's demise. Moreover, the trial court held that appellant entered into the postnuptial agreement freely and for good consideration. Applying the standard of strict scrutiny, the record in the instant action admits of no evidence to support an allegation nor does appellant allege that decedent was guilty of any concealment concerning the nature and extent of his property or that he exercised any undue influence upon appellant. Decedent, an older man, merely wished to provide for the children of his first marriage in the manner of his choosing, while enjoying the benefits of companionship in a marital relationship during the latter part of his life. Appellant's children would receive her property in the same manner, if she died first.

■ Appellant contends that she could not effectively waive her right to take an elective share in decedent's augmented estate under SDCL 30–5A because that chapter of our codified laws was nonexistent and unknown to her at the time she executed the postnuptial agreement in question. We find this argument of little merit. The agreement is contractual in nature, having been signed by both parties and reciting good consideration. Article VI, section 12 of our state constitution states that "[n]o ex post facto law, or law impairing the obligation of contracts or making any irrevocable grant or privilege, franchise or immunity, shall be passed."

We have repeatedly held that legislation will not be given retroactive effect where such construction would operate to impair existing contracts or defeat vested rights. *See, e.g., Engelcke v. Farmer's State Bank of Canistota*, 61 S.D. 92, 246 N.W. 288 (1932); *Cowell v. Lewis*, 52 S.D. 229, 217 N.W. 218 (1927); *Whitbeck v. McClenahan*, 40 S.D. 246, 167 N.W. 144 (1918); *Fremont E. & M. V. Ry. Co. v. Pennington County*, 20 S.D. 270, 105 N.W. 929 (1905); *Skinner v. Holt*, 9 S.D. 427, 69 N.W. 595 (1896). To give the chapter under consideration any force retroactively would impair the postnuptial agreement between decedent and appellant, contrary to Article VI, § 12 of our state constitution.

Accordingly, we decline to give SDCL 30–5A such effect, and the judgment of the trial court is affirmed.

All the Justices concur.